# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF KENTUCKY
# LONDON DIVISION

RIESER WELLS,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　Case No. _____

BOMBARDIER RECREATIONAL
PRODUCTS INC., BRP MEXICO S.A.
DE C.V., BRP US INC., SHIELD
RESTRAINT SYSTEMS, INC., and
ADRENALINE CYCLES COMPANY, LLC,

    Defendants.

## NOTICE OF REMOVAL

Defendant BRP US Inc. ("BRP US"), by and through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby provides notice of the removal of the above-captioned matter from the Circuit Court of Laurel County, Kentucky, No. 23-CI-00557, to the United States District Court for the Eastern District of Kentucky, London Division. Subject matter jurisdiction exists under 28 U.S.C. Section 1441, and this matter is hereby removed to federal court based on the following grounds:

**I.　BACKGROUND**

1.　Plaintiff Rieser Wells ("Plaintiff") filed a civil action on July 26, 2023, seeking recovery of money damages against BRP US, as well as Defendants Bombardier Recreational Products Inc. ("Bombardier"), BRP Mexico S.A. de C.V. ("BRP Mexico"), Shield Restraint Systems, Inc. ("Shield"), and Adrenaline Cycles Company, LLC ("Adrenaline"). (*See generally* Ex. A., Compl.)

2. Plaintiff brings claims sounding in strict liability and negligence against these Defendants, purportedly stemming from a July 30, 2022 accident in which Plaintiff, while operating a 2020 Can-Am Maverick X3 X RC Turbo RR, VIN: 3JBVVAV42LK001627 (the "Subject Vehicle"), allegedly lost control of the unit and caused it to overturn. (*Id.* ¶¶ 7, 23.)

3. Plaintiff alleges that defects within the Subject Vehicle's driver-side seatbelt restraint system and/or its roll-over-protection system ("ROPS") caused him to sustain "severe physical injuries, including, but not limited to, a severe traumatic brain injury," from the accident. (*Id.* ¶ 24.)

4. There exists complete diversity of citizenship between Plaintiff and BRP US, Bombardier, BRP Mexico, and Shield and the matter in controversy exceeds $75,000, exclusive of interest and costs. As such, but for the naming of Adrenaline, the Defendants have the right a federal forum under this Court's diversity jurisdiction.

5. However, the citizenship of Adrenaline may be disregarded because Adrenaline is fraudulently joined in this action.

6. Plaintiff's claim against Adrenaline constitutes a fraudulent joinder because the liability of Adrenaline—a retailer which allegedly sold the Subject Vehicle to a nonparty individual in March 2020, Compl. ¶ 10—is precluded by Kentucky's Middleman statute, K.R.S. § 411.430. Specifically, Plaintiff's Complaint contains no averments of fact from which a court could infer that Adrenaline knew or should have known of the alleged defects within the Subject Vehicle, aside from conclusory, boilerplate averments insufficient to satisfy pleading requirements.

7. Plaintiff, therefore, has fraudulently joined Adrenaline to this action because he cannot assert a viable claim against it. As complete diversity exists between Plaintiff and all

Defendants who have been properly joined and served, subject matter jurisdiction exists in the United States District Court for the Eastern District of Kentucky.

II.     **FEDERAL JURISDICTION EXISTS**

    A.     **Complete Diversity Exists Among Properly Joined Parties**

8. Plaintiff is a citizen of Kentucky. (Compl. ¶ 1.)

9. BRP US is a corporation incorporated in Delaware with its principal place of business in Wisconsin. (*Id.* ¶ 4.) BRP US, therefore, is a citizen of Delaware and Wisconsin. 28 U.S.C. § 1332(c)(1).

10. Bombardier is a corporation incorporated in Canada with its principal place of business in Canada. (Compl. ¶ 2.) Bombardier, therefore, is a citizen of the Nation of Canada. 28 U.S.C. § 1332(c)(1).

11. BRP Mexico is a corporation incorporated in Mexico with its principal place of business in Mexico. (Compl. ¶ 3.) BRP Mexico, therefore, is a citizen of the Nation of Mexico. 28 U.S.C. § 1332(c)(1).

12. Shield is a corporation incorporated in Delaware with its principal place of business in Indiana. (Compl. ¶ 5.) Shield, therefore, is a citizen of Delaware and Indiana. 28 U.S.C. § 1332(c)(1).

13. Accordingly, complete diversity exists between Plaintiff and BRP US, Bombardier, BRP Mexico, and Shield because Plaintiff is a citizen of Kentucky, and these Defendants are citizens of states other than Kentucky. *Id.* §§ 1332, 1441.

14. The citizenship of Adrenaline must be disregarded because Adrenaline is fraudulently joined to this action.

15. "Joinder of a non-diverse defendant is fraudulent only if it is clear that there can be no recovery [against that defendant] under the law of the state on the cause alleged or on the facts in view of the law. In other words, the removing party must show that there is no colorable basis for predicting that a plaintiff may recover against [that defendant]." *Castle v. 3M Co.*, No. 7:22-CV-14-REW-CJS, --- F. Supp. 3d ---, 2023 WL 2663242, at *2 (E.D. Ky. Mar. 28, 2023) (internal quotations and citations omitted).

16. Plaintiff's single claim against Adrenaline for negligence alleges that Adrenaline "breached its duty of ordinary care by marketing, advertising, distributing, promoting, and selling the Subject Vehicle and its driver-side seatbelt restraint system and/or its ROPS when it knew or should have known that the Subject Vehicle and its driver-side seatbelt restraint system and/or its ROPS were in a defective condition unreasonably safe for users in foreseeable accidents at the time of the sale to the initial consumer and/or user and thereafter." (Compl. ¶ 46.)

17. Plaintiff further alleges Adrenaline "knew or should have known in the exercise of ordinary care that the Subject Vehicle was defective and unreasonably dangerous as it was uncrashworthy because it failed to reasonably protect occupants, such as the Plaintiff, from reasonably foreseeable accidents because its driver-side seatbelt restraint system and/or its ROPS were not designed or manufactured to prevent failure to avoid foreseeable head injuries, including traumatic brain injuries." (*Id.* ¶ 47.)

18. Accordingly, the Complaint posits that Adrenaline's alleged negligence caused Plaintiff's injuries. (*Id.* ¶¶ 48-49.)

19. Despite these allegations, there is no reasonable possibility that Plaintiff can prevail on his negligence claim against Adrenaline because, under Kentucky law, a retailer is generally

shielded from liability when it sells a product in its "original manufactured condition or package" so long as the manufacturer is identified and subject to the court's jurisdiction. KRS § 411.340.

20. The only exceptions to this rule provide that a retailer may be liable where it (i) breached an express warranty or (ii) "knew or should have known at the time of distribution or sale of such product that the product was in a defective condition, unreasonably dangerous to the user or consumer." *Id.*

21. Here, Plaintiff has identified the Subject Vehicle manufacturer and alleged that the product was "without substantial change in condition" at the time of the accident. (Compl. ¶ 32.)

22. Plaintiff does not allege Adrenaline breached an express warranty. This exception is therefore inapplicable.

23. As to the second exception, while Plaintiff includes the proverbial "knew or should have known" language in his negligence claim against Adrenaline, *see id.* ¶¶ 46-47, these allegations are nothing but boilerplate, conclusory averments. Plaintiff submits no factual allegation to advance the bald claim that Adrenaline "knew or should have known" of the alleged defects. The Complaint fails to identify a specific defect in the seatbelt that was known to Adrenaline. It also fails to identify a specific defect in the ROPS that was known to Adrenaline. Further, it fails to plead how or why Adrenaline "knew or should have known" of the alleged defects by citing information that was available to Adrenaline in 2020 to suggest a deficiency in these components. Instead, Plaintiff merely proclaims the boilerplate language with no support.

24. Under Kentucky law, a plaintiff must plead *something* to factually support the contention that a retailer "knew or should have known" of a defect to overcome the protections of the Middleman statute: "[V]irtually any retailer under any circumstances could be subject to suit and liability by merely selling an item. **At the very least, Plaintiffs must allege some more**

5

**specific or special knowledge of dangerousness by the retailer to avoid the protections afforded by KRS 411.340.**" *Weixler v. Paris Co.*, No. CIV.A. 3:02CV390H, 2003 WL 105503, at *2 (W.D. Ky. Jan. 2, 2003) (emphasis added).

25. Indeed, Kentucky federal courts have regularly denied remand and held the retailer defendant fraudulently joined where the plaintiff's allegations amount to nothing more than conclusory statements unsupported by facts. *See, e.g.*, *Simmerman v. Ace Bayou Corp.*, No. CIV.A. 5: 14-382-DCR, 2014 WL 6633129, at *4 (E.D. Ky. Nov. 21, 2014) (denying motion to remand and holding retailer was fraudulently joined because, "[a]lthough the Complaint alleges that the defendants knew or should have known of the dangers associated with the product, this is insufficient to overcome the protections afforded by KRS 411.340"); *Conrad v. Sherwin Williams Co.*, No. CIV.A. 12-237-JBC, 2012 WL 5332494, at *2 (E.D. Ky. Oct. 29, 2012) (denying motion to remand and holding retailer was fraudulently joined because plaintiff did not "allege any additional facts that would allow the court to infer that [retailer] had any special knowledge to foresee the ultimate danger any better than the average citizen") (quotations and citation omitted); *Mason v. Excel Indus., Inc.*, No. 3:10-CV-175, 2011 WL 847449, at *3 (W.D. Ky. Mar. 9, 2011) (denying motion to remand and holding retailer was fraudulently joined because plaintiff's allegations that retailer knew or should have known of alleged defect "[a]t best . . . support conclusions that would have been obvious to any buyer," and therefore did not "support a conclusion that [retailer] had 'specific or special knowledge' of the dangers").

26. This case is no different. Though Plaintiff alleges Adrenaline "knew or should have known" of the alleged defects, Compl. ¶¶ 46-47, the Complaint is otherwise devoid of factual allegations suggesting the specific defect in the seatbelt or ROPS about which Adrenaline knew or should have known, or how or why Adrenaline knew or should have known about them. Plaintiff

6

must allege special knowledge of some specific defect to proceed against the retailer. Simply put, Plaintiff has failed to plead any such claim. He therefore cannot overcome the protections KRS § 411.340. Consistent with analogous Kentucky federal case law, Adrenaline is fraudulently joined to this matter.

27. Because Adrenaline is fraudulently joined to this action, its citizenship may be disregarded, and the claims against the remaining Defendants may proceed in federal court. *Kopca v. Gen. Motors LLC*, No. CIV.A. 5:12-382-DCR, 2013 WL 5233183, at *2 (E.D. Ky. Sept. 16, 2013).

B.  **The Matter in Controversy Exceeds $75,000**

28. Plaintiff's claims satisfy the amount in controversy requirement set forth in 28 U.S.C. § 1332(a).

29. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). "[T]he defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court," and "[e]vidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.* at 553–54.

30. Plaintiff avers that the rollover accident and alleged defects in the Subject Vehicle's driver-side seatbelt restraint system and/or the ROPS caused him to sustain "severe physical injuries, including . . . a severe traumatic brain injury." (Compl. ¶ 24.) Plaintiff likewise alleges that he has incurred and will continue to incur "medical, hospital, and other care-related expenses, has lost wages, both past and future, and/or has suffered a permanent impairment and/or destruction of his power to labor and earn money in the future, and has suffered, and will continue

to suffer, severe, physical and mental pain and suffering and loss of enjoyment of life, all to his damage in excess of any jurisdictional limitations upon this Court." (*Id.* ¶¶ 33, 43, 49, 58, 68.) Further, Plaintiff seeks punitive damages against all Defendants. (*Id.* ¶¶ 69-72.)

31.     Under Sixth Circuit precedent, courts may consider whether it is "facially apparent" from the complaint that the damages likely exceed the jurisdictional requirement. *Rotschi v. State Farm Mut. Auto. Ins. Co.*, 114 F.3d 1188 (6th Cir. 1997); *see also Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 573 (6th Cir. 2001) (determining that a "fair reading" of a complaint with unspecified damages demonstrated that the amount in controversy was above $75,000); *Burgett v. Troy-Bilt LLC*, No. CIV.A. 11-110-ART, 2011 WL 4715176, at *2 (E.D. Ky. Oct. 5, 2011) ("If it appears likely from the face of the pleadings that damages will exceed $75,000, the Court can retain jurisdiction despite the [plaintiff's] objections.").

32.     What's more, courts may "'use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements.'" *Hendrickson v. Gen. Motors LLC*, No. 3:19-CV-447-CHB, 2019 WL 11715669, at *3 (W.D. Ky. Nov. 6, 2019) (quoting *Naij v. Lincoln*, 655 Fed. Appx. 397, 402 n.2 (6th Cir. 2016)).

33.     A fair reading of Plaintiff's Complaint leaves no dispute that the amount in controversy exceeds $75,000. Plaintiff alleges damages in the form of a severe traumatic brain injury; past and future medical, hospital, and care-related expenses; past and future lost wages; permanent impairment; loss of earning capacity; past and future severe physical and mental pain; and loss of enjoyment of life. Moreover, Plaintiff seeks punitive damages. Kentucky federal courts have held that these allegations are sufficient to conclude that the amount in controversy in excess of the jurisdictional requirement is "facially apparent" from a fair reading of the complaint. *Parnell v. State Farm Mut. Auto. Ins. Co.*, 173 F.R.D. 446, 448 (W.D. Ky. 1997) (holding it was "facially

apparent" that plaintiff's damages exceeded the jurisdictional threshold where he alleged severe and permanent bodily injuries causing past and future physical and mental pain; permanent impairment of his power to labor and earn money; and punitive damages); *see also May v. Mercy Ambulance of Evansville*, No. CV 21-47-DLB, 2021 WL 5149966, at *2 (E.D. Ky. Nov. 4, 2021) (holding that, "[w]ith eight categories of damages listed in the Complaint," including past and future medical expenses; past and future lost wages; permanent impairment; past and future pain; and suffering and mental anguish, "this Court finds that it is facially apparent that the amount in controversy more likely than not exceeds $75,000").

34.     Based on Plaintiff's allegations, the amount in controversy here clearly exceeds $75,000, exclusive of interest and costs.

**III.   THE PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED**

35.     A notice of removal must be filed within thirty days after the formal service of original process on a defendant. 28 U.S.C. § 1446(b)(1); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354, (1999).

36.     This removal is timely because it is filed within thirty days of service of process on BRP US, which occurred on August 1, 2023.

37.     Removal pursuant to 28 U.S.C. § 1441(a) requires that "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

38.     There are five Defendants named in this action. At this time, neither Bombardier nor BRP Mexico have been properly served via the Hague Convention. Thus, they need not consent to the removal of this action. *Id.* Nevertheless, with full reservation of rights and defenses,

Bombardier and BRP Mexico have provided written consent to removal. (Ex. B, Bombardier and BRP Mexico Not. of Consent.)

39. Shield has been properly served and consents to the removal of this action. (Ex. C, Shield Not. of Consent.)

40. Adrenaline has been fraudulently joined to this action and need not consent to its removal. *Chambers v. HSBC Bank USA, N.A.*, 796 F.3d 560, 564 (6th Cir. 2015) ("[T]he consent of a defendant that has been *fraudulently* joined is not necessary.") (emphasis in original).

41. Venue is proper in the United States District Court for the Eastern District of Kentucky, London Division, because Plaintiff's Complaint was originally filed in the Circuit Court of Laurel County, Kentucky, which lies geographically within this judicial district and division. 28 U.S.C. §§ 97(a), 1441(a).

42. Pursuant to 28 U.S.C. § 1446(a), copies of all pleadings and other papers served upon BRP US are attached hereto as Exhibit D.

43. BRP US is providing Plaintiff with written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d).

44. Pursuant to 28 U.S.C. § 1446(a), a copy of this Notice of Removal is being served on Plaintiff and filed with the Clerk of the Circuit Court of Laurel County, Kentucky.

45. No previous application has been made for the relief requested herein.

46. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and is an action (when counting properly joined defendants) between citizens of different states.

**IV.   RESERVATION AND REQUEST FOR ORAL ARGUMENT**

47. If any question arises as to the propriety of the removal of this action, BRP US respectfully requests the opportunity to present a brief, evidence, and oral argument in support of its position that this case is removable.

48. Nothing in this Notice of Removal shall be interpreted as a waiver, estoppel, preclusion, or relinquishment of the Defendants' ability or right to assert any claim, counterclaim, crossclaim, third-party claim, defense, or affirmative matter, including, but not limited to, (1) lack of personal jurisdiction; (2) improper venue; (3) insufficiency of process; (4) insufficiency and/or failure of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) failure to join an indispensable party; (8) standing; (9) waiver; (10) failure to exhaust administrative remedies; or (11) any other pertinent claim or defense available under Rule 12 of the Federal Rules of Civil Procedure, any state or federal statute, or otherwise.

WHEREFORE, Defendant BRP US Inc. respectfully requests this Honorable Court to exercise jurisdiction over the claims asserted against BRP US and to take any other action necessary to effectuate the removal of this action to the United States District Court for the Eastern District of Kentucky, London Division.

Dated: August 30, 2023

Respectfully submitted,

THE LAW OFFICES OF HOWARD O. MANN, PSC

/s/ Howard O. Mann
Howard O. Mann, Esq.
104 North Kentucky Avenue
Corbin, Kentucky 40701
Telephone: (606) 528-0616
hmannlaw@bellsouth.net

PIETRAGALLO GORDON ALFANO BOSICK & RASPANTI, LLP

Clem C. Trischler (*pro hac* to be sought)
Christopher S. Winkler (*pro hac* to be sought)

11

One Oxford Centre, 38th Floor
Pittsburgh, PA 15219
Telephone: (412) 263-2000
cct@pietragallo.com
csw@pietragallo.com

*Counsel for Defendant, BRP US Inc.*