# EXHIBIT A

COMMONWEALTH OF KENTUCKY
*Electronically Filed*

NO. ________________ LAUREL CIRCUIT COURT
DIVISION ________

RIESER WELLS PLAINTIFF
1221 East Broadway
Louisville, Kentucky 40204

V. **COMPLAINT**

BOMBARDIER RECREATIONAL PRODUCTS, INC. DEFENDANT
726, rue Saint-Joseph
Valcourt, Quebec J0E 2L0
Canada

SERVE: Via Hague Convention

-and-

BRP MEXICO S.A. DE C.V. DEFENDANT
Avenida de Las Industrias 2250
Parque Industrial Antonio J. Bermudez
Ciudad Juarez, Chihuahua 32470
Mexico

SERVE: Via Hague Convention

-and-

BRP US INC. DEFENDANT
10101 Science Drive
Sturtevant, Wisconsin 53177

SERVE: CT Corporation System
306 West Main Street, Suite 512
Frankfort, Kentucky 40601

-and-

SHIELD RESTRAINT SYSTEMS, INC. DEFENDANT
3802 Gallatin Way
Elkhart, Indiana 46514

SERVE: Kentucky Secretary of State
Attention: Summons Branch

700 Capital Avenue, Suite 86
Frankfort, Kentucky 40601

-and-

ADRENALINE CYCLES COMPANY, LLC
600 South Laurel Road
London, Kentucky 40744

DEFENDANT

SERVE: Nicky Hoskins
600 South Laurel Road
London, Kentucky 40744

*** *** *** *** ***

Comes the Plaintiff, by counsel, and for his Complaint herein, states as follows:

**THE PARTIES**

1. At all times pertinent hereto, the Plaintiff, Rieser Wells, was a resident of Kentucky.

2. Defendant BOMBARDIER RECREATIONAL PRODUCTS, INC. is, and was, at all times pertinent hereto, a Canadian company, which, directly and/or by its agents, regularly transacted and solicited business, supplied goods, provided services, and derived substantial revenue from selling goods and providing services within the Commonwealth of Kentucky, and is subject to process pursuant to the Hague Convention and controlling Kentucky law.

3. Defendant BRP MEXICO S.A. DE C.V. is, and was, at all times pertinent hereto, a Mexican company, which, directly and/or by its agents, regularly transacted and solicited business, supplied goods, provided services, and derived substantial revenue from selling goods and providing services within the Commonwealth of Kentucky, and is subject to process pursuant to the Hague Convention and controlling Kentucky law.

4. Defendant BRP US INC. is, and was, at all times pertinent hereto, a Delaware corporation with its principal place of business in Wisconsin, which is, and was, licensed and authorized to do business within the Commonwealth of Kentucky, and it has designated CT Corporation System as its agent for service of process upon it.

5. Defendant SHIELD RESTRAINT SYSTEMS, INC. (hereinafter "SHIELD"), is, and was, at all times pertinent hereto, a Delaware corporation with its principal place of business in Indiana, which, directly and/or by its agents, regularly transacted and solicited business, supplied goods, provided services and derived substantial revenue from selling goods and providing services within the Commonwealth of Kentucky, and it has designated the Kentucky Secretary of State as its agent for service of process upon it pursuant to KRS 454.210(3)(a).

6. Defendant ADRENALINE CYCLES COMPANY, LLC (hereinafter "ADRENALINE CYCLES"), is, and was, at all times pertinent hereto, a Kentucky limited liability company which owned, operated, and/or managed a dealership in London, Laurel County, Kentucky located at 600 South Laurel Road.

**THE VEHICLE**

7. Defendants, BOMBARDIER RECREATIONAL PRODUCTS, INC., BRP MEXICO S.A. DE C.V., and BRP US INC. (hereinafter "BOMBARDIER DEFENDANTS"), individually and/or collectively, designed, manufactured, tested, marketed, advertised, distributed, promoted, and sold a 2020 Can-Am Maverick X3 X RC Turbo RR, VIN 3JBVVAV42LK001627 (hereinafter "the Subject Vehicle").

8. At all times pertinent hereto, Defendant ADRENALINE CYCLES was a licensed and authorized dealership for products designed, manufactured, tested, marketed, advertised,

distributed, promoted, and sold by the BOMBARDIER DEFENDANTS, including the Subject Vehicle.

9. The Subject Vehicle was shipped, delivered, transported, and/or transferred by the BOMBARDIER DEFENDANTS, individually and/or collectively, to their licensed and authorized dealer, ADRENALINE CYCLES, in London, Laurel County, Kentucky.

10. The Subject Vehicle was sold by the BOMBARDIER DEFENDANTS and ADRENALINE CYCLES to the initial user and/or consumer in London, Laurel County, Kentucky in March of 2020.

11. The Subject Vehicle was registered and titled by the initial user and/or consumer in Laurel County, Kentucky.

12. From the time of the initial manufacture and sale of the Subject Vehicle until the present date, the BOMBARDIER DEFENDANTS, individually and/or collectively, have had continuous and systematic contacts and affiliations within the Commonwealth of Kentucky, including, but not limited to, designing, manufacturing, testing, marketing, distributing, promoting, financing, and selling utility terrain vehicles, such as the Subject Vehicle, within the Commonwealth of Kentucky.

13. From the time of the initial manufacture and sale of the Subject Vehicle until the present date, the BOMBARDIER DEFENDANTS, individually and collectively, have derived, and continue to derive substantial revenue from manufacturing, marketing, distributing, promoting, selling, financing, and servicing utility terrain vehicles, such as the Subject Vehicle, within the Commonwealth of Kentucky.

14. The BOMBARDIER DEFENDANTS committed tortious acts and omissions, as alleged hereinafter, within the Commonwealth of Kentucky.

15. At all times pertinent hereto, Defendants, BRP US, INC., BRP MEXICO S.A. DE C.V., and/or ADRENALINE CYCLES, were acting as the actual and/or ostensible agents of the Defendant, BOMBARDIER RECREATIONAL PRODUCTS, INC.

16. Defendant SHIELD designed, manufactured, tested, marketed, advertised, distributed, promoted, and sold the driver-side seatbelt restraint system, a four-point retractable harness belt, which was installed on the Subject Vehicle.

17. Defendant SHIELD and the BOMBARDIER DEFENDANTS gave the driver-side seatbelt restraint system customer part number #708002917.

18. The Defendants, individually and/or collectively, sold the driver-side seatbelt restraint system on the Subject Vehicle to the initial user and/or consumer in London, Laurel County, Kentucky.

19. At all times pertinent hereto, Defendant ADRENALINE CYCLES marketed, advertised, distributed, promoted, and sold the driver-side seatbelt restraint system, customer part number #708002917, by and on behalf of the BOMBARDIER DEFENDANTS and SHIELD, to users and consumers throughout the Commonwealth of Kentucky, including in Laurel County, Kentucky.

20. From the time of the initial manufacture and sale of the Subject Vehicle and driver-side seatbelt restraint system until the present date, Defendant SHIELD has had continuous and systematic contacts and affiliations within the Commonwealth of Kentucky, including designing, manufacturing, testing, marketing, advertising, distributing, promoting, financing, and selling

seatbelt restraint systems for utility terrain vehicles, such as the Subject Vehicle, and seatbelt restraint systems for other types of vehicles, within the Commonwealth of Kentucky.

21. From the time of the initial manufacture and sale of the Subject Vehicle until the present date, Defendant SHIELD has derived, and it continues to derive substantial revenue from manufacturing, marketing, advertising, distributing, promoting, and selling seatbelt restraint systems for utility terrain vehicles, such as the Subject Vehicle, and for other types of vehicles, within the Commonwealth of Kentucky

22. Defendant SHIELD committed tortious acts and omissions, as alleged hereinafter, within the Commonwealth of Kentucky.

## THE SUBJECT ACCIDENT

23. On July 30, 2022, Plaintiff Rieser Wells was the seat-belted driver of the Subject Vehicle on Titus Hollow Road in Knoxville, Tennessee when he lost control of the Subject Vehicle, and it veered off the roadway, struck a standing tree, and overturned.

24. During the subject accident on July 30, 2022, the driver-side seatbelt restraint system and/or the roll-over-protection system (hereinafter "ROPS") on the Subject Vehicle failed, causing Plaintiff Rieser Wells to sustain severe physical injuries, including, but not limited to, a severe traumatic brain injury.

## COUNT I: STRICT LIABILITY CLAIMS AGAINST THE BOMBARDIER DEFENDANTS

25. Plaintiff repeats, re-alleges, and incorporates all paragraphs of this Complaint as if set forth fully herein.

26. The Subject Vehicle, including, but not limited to, its driver-side seatbelt restraint system, and its ROPS was designed, manufactured, tested, marketed, advertised, distributed, promoted, and sold by the BOMBARDIER DEFENDANTS in a defective condition unreasonably dangerous to foreseeable users, including the Plaintiff.

27. An ordinarily prudent manufacturer being fully informed of the qualities, characteristics, condition, and dangers of the Subject Vehicle and its driver-side seatbelt restraint system and/or its ROPS, would not have designed, manufactured, tested, marketed, advertised, distributed, promoted, or sold the Subject Vehicle and its driver-side seatbelt restraint system and/or its ROPS, and would not have put them on the market or into the stream of commerce in the Commonwealth of Kentucky.

28. The Subject Vehicle, including its driver-side seatbelt restraint system and/or its ROPS, was in a defective condition and unreasonably dangerous because the Subject Vehicle was uncrashworthy as it failed to reasonably protect occupants, including the Plaintiff, from reasonably foreseeable accidents because the driver-side seatbelt restraint system and/or ROPS were not designed or manufactured so as to prevent foreseeable head injuries, including traumatic brain injuries, and because safer, feasible alternative designs, which would have prevented the driver-side seatbelt restraint system and/or ROPS from failing and causing foreseeable head injuries, including traumatic brain injuries, were not used by the BOMBARDIER DEFENDANTS.

29. The Subject Vehicle, including, but not limited to, its driver-side seatbelt restraint system and/or its ROPS, was in a defective condition unreasonably dangerous to users as it failed to include adequate or appropriate warnings to users, such as Plaintiff, of the dangers associated with the use of the Subject Vehicle and its driver-side seatbelt restraint system and/or ROPS due to the defectively designed and manufactured driver-side seatbelt restraint system and/or ROPS,

and the BOMBARDIER DEFENDANTS failed to give adequate or appropriate warnings to users, including the Plaintiff, of the defective condition of the driver-side seatbelt restraint system and/or ROPS of the Subject Vehicle at the time it was initially put into the stream of commerce in the Commonwealth of Kentucky, and continuously thereafter failed to give an appropriate or adequate warning, despite the fact that the BOMBARDIER DEFENDANTS knew or should have known of the defective and unreasonably dangerous condition of the driver-side seatbelt restraint system and/or ROPS to other users and consumers, including the risk of traumatic brain injuries.

30. The defective and unreasonably dangerous condition of the Subject Vehicle, including, but not limited to, the design and manufacture of its driver-side seatbelt restraint system, and/or its ROPS, was a substantial factor in causing Plaintiff Rieser Wells to suffer severe injuries, including, but not limited to, a severe traumatic brain injury, which he would not have suffered but for the defective and unreasonably dangerous condition of the Subject Vehicle and its driver-side seatbelt restraint system and/or its ROPS.

31. The failure to provide adequate or appropriate warnings of the risk of seatbelt and/or ROPS failure, including the risk of traumatic brain injuries, in foreseeable accidents was a substantial factor in causing the Plaintiff to suffer severe injuries, including, but not limited to, a severe traumatic brain injury.

32. The Subject Vehicle, and its driver-side seatbelt restraint system and its ROPS, were expected to be and were in fact without substantial change in condition at the time of the subject accident on July 30, 2022.

33. As a direct and proximate result of the defective and unreasonably dangerous condition of the Subject Vehicle and its driver-side seatbelt restraint system and/or its ROPS, Plaintiff Rieser Wells has incurred and will continue to incur medical, hospital, and other care-

related expenses, has lost wages, both past and future, and/or has suffered a permanent impairment and/or destruction of his power to labor and earn money in the future, and has suffered, and will continue to suffer, severe, physical and mental pain and suffering and loss of enjoyment of life, all to his damage in excess of any jurisdictional limitations upon this Court.

## COUNT II: NEGLIGENCE CLAIMS AGAINST THE BOMBARDIER DEFENDANTS

34. Plaintiff repeats, re-alleges, and incorporates all paragraphs of this Complaint as if expressly set forth fully herein.

35. The BOMBARDIER DEFENDANTS had a duty to exercise ordinary care in designing, manufacturing, testing, marketing, distributing, promoting, and/or selling the Subject Vehicle and its driver-side seatbelt restraint system and/or its ROPS.

36. The BOMBARDIER DEFENDANTS breached their duty of ordinary care by designing, manufacturing, testing, marketing, advertising, distributing, promoting, and selling the Subject Vehicle and its driver-side seatbelt restraint system and/or its ROPS when the BOMBARDIER DEFENDANTS knew or should have known that the Subject Vehicle and its driver-side seatbelt restraint system and/or its ROPS were in a defective condition and unreasonably unsafe for users in foreseeable accidents.

37. The BOMBARDIER DEFENDANTS knew or should have known in the exercise of ordinary care that the Subject Vehicle and its driver-side seatbelt restraint system and/or its ROPS were defective and unreasonably dangerous as the Subject Vehicle was uncrashworthy as it failed to reasonably protect occupants, including the Plaintiff, from reasonably foreseeable accidents because its driver-side seatbelt restraint system and/or its ROPS were not designed or manufactured to prevent failure to avoid foreseeable head injuries, including traumatic brain

injury, and because safer, feasible alternative designs, which would have prevented a seatbelt restraint system failure and/or a ROPS failure from causing foreseeable head injuries, including traumatic brain injuries, were not used by the BOMBARDIER DEFENDANTS.

38. The failure to exercise ordinary care in designing, manufacturing, testing, marketing, advertising, promoting, and selling the Subject Vehicle and its driver-side seatbelt restraint system and/or its ROPS was a substantial factor in causing Plaintiff Rieser Wells to suffer severe injuries, including, but not limited to, a severe traumatic brain injury, which he would not have suffered but for the defective and unreasonably dangerous condition of the Subject Vehicle and its driver-side seatbelt restraint system and/or ROPS.

39. The BOMBARDIER DEFENDANTS had a duty to exercise ordinary care to provide adequate and appropriate warnings about the dangers from foreseeable accidents due to the defective and unreasonably dangerous condition of the Subject Vehicle and its driver-side seatbelt restraint system and/or its ROPS, including, but not limited to, the risk of seatbelt failure causing severe injuries, including, but not limited to, traumatic brain injury.

40. The BOMBARDIER DEFENDANTS breached their duty to give an adequate and appropriate warning to users and consumers of the Subject Vehicle and its driver-side seatbelt restraint system and/or its ROPS, including the Plaintiff, when it knew or should have known that users, including Plaintiff, were unaware of the defective and unreasonably dangerous condition of the Subject Vehicle and its driver-side seatbelt restraint system and/or its ROPS, and such breach was a substantial factor in causing Plaintiff Rieser Wells to suffer severe injuries, including, but not limited to, a severe traumatic brain injury, which he would not have suffered, but for the defective and unreasonably dangerous condition of the Subject Vehicle and its driver-side seatbelt restraint system and/or its ROPS.

41. The BOMBARDIER DEFENDANTS had a continuing, post-sale duty to use ordinary care to provide adequate and appropriate warnings about the dangers from foreseeable accidents due to the defective and unreasonably dangerous condition of the Subject Vehicle and its driver-side seatbelt restraint system and/or its ROPS, including, but not limited to, the risk of seatbelt failure and/or ROPS failure, causing severe injuries, including, but not limited to, traumatic brain injury.

42. The BOMBARDIER DEFENDANTS breached their continuing, post-sale duty to give an adequate and appropriate warning to users and consumers of the Subject Vehicle and its driver-side seatbelt restraint system and/or its ROPS, including Plaintiff, when they knew or should have known that users, including Plaintiff, were unaware of the defective and unreasonably dangerous condition of the Subject Vehicle and its driver-side seatbelt restraint system and/or its ROPS, and such breach was a substantial factor in causing Plaintiff Rieser Wells to suffer severe injuries, including, but not limited to, a severe traumatic brain injury, which he would not have suffered but for the defective and unreasonably dangerous condition of the Subject Vehicle and its driver-side seatbelt restraint system and/or its ROPS.

43. As a direct and proximate result of the negligence of the BOMBARDIER DEFENDANTS, Plaintiff Rieser Wells has incurred and will continue to incur medical, hospital, and other care-related expenses, has lost wages, both past and future, and/or has suffered a permanent impairment and/or destruction of his power to labor and earn money in the future, and has suffered, and will continue to suffer, severe, physical and mental pain and suffering and loss of enjoyment of life, all to his damage in excess of any jurisdictional limitations upon this Court.

**COUNT III: NEGLIGENCE CLAIM AGAINST ADRENALINE CYCLES**

44. Plaintiff repeats, realleges and incorporates all paragraphs of this Complaint as if expressly set forth fully herein.

45. Defendant ADRENALINE CYCLES had a duty to exercise ordinary care in marketing, advertising, distributing, promoting, and selling the Subject Vehicle and its driver-side seatbelt restraint system and its ROPS.

46. Defendant ADRENALINE CYCLES breached its duty of ordinary care by marketing, advertising, distributing, promoting, and selling the Subject Vehicle and its driver-side seatbelt restraint system and/or its ROPS when it knew or should have known that the Subject Vehicle and its driver-side seatbelt restraint system and/or its ROPS were in a defective condition unreasonably safe for users in foreseeable accidents at the time of the sale to the initial consumer and/or user and thereafter..

47. Defendant ADRENALINE CYCLES knew or should have known in the exercise of ordinary care that the Subject Vehicle was defective and unreasonably dangerous as it was uncrashworthy because it failed to reasonably protect occupants, such as the Plaintiff, from reasonably foreseeable accidents because its driver-side seatbelt restraint system and/or its ROPS were not designed or manufactured to prevent failure to avoid foreseeable head injuries, including traumatic brain injuries.

48. The failure to exercise ordinary care in advertising, distributing, promoting, and selling the Subject Vehicle and its driver-side seatbelt restraint system and/or its ROPS was a substantial factor in causing Plaintiff Rieser Wells to suffer severe injuries, including, but not limited to, a severe traumatic brain injury, which he would not have suffered but for the defective and unreasonably dangerous condition of the Subject Vehicle and its driver-side seatbelt restraint system and/or its ROPS.

49. As a direct and proximate result of the negligence of Defendant ADRENALINE CYCLES, Plaintiff Rieser Wells has incurred and will continue to incur medical, hospital, and other care-related expenses, has lost wages, both past and future, and/or has suffered a permanent impairment and/or destruction of his power to labor and earn money in the future, and has suffered, and will continue to suffer, severe, physical and mental, pain and suffering and loss of enjoyment of life, all to his damage in excess of any jurisdictional limitations upon this Court.

## COUNT IV: STRICT LIABILITY CLAIMS AGAINST SHIELD

50. Plaintiff repeats, re-alleges, and incorporates all paragraphs of this Complaint as if set forth fully herein.

51. The Subject Vehicle's driver-side seatbelt restraint system was designed, manufactured, tested, marketed, advertised, distributed, promoted, and sold by SHIELD in a defective condition unreasonably dangerous to foreseeable users, including the Plaintiff.

52. An ordinarily prudent manufacturer being fully informed of the qualities, characteristics, condition, and dangers of the Subject Vehicle's driver-side seatbelt restraint system would not have designed, manufactured, tested, marketed, advertised, distributed, promoted, or sold the Subject Vehicle's driver-side seatbelt restraint system and/or would not have put it on the market or into the stream of commerce in the Commonwealth of Kentucky.

53. The Subject Vehicle's driver-side seatbelt restraint system was in a defective condition and unreasonably dangerous because it made the Subject Vehicle uncrashworthy as it failed to reasonably protect occupants, including the Plaintiff, from reasonably foreseeable accidents because the driver-side seatbelt restraint system was not designed or manufactured so as to prevent foreseeable head injuries, including traumatic brain injuries, and because safer, feasible alternative designs, which would have prevented the driver-side seatbelt restraint system from

failing and causing foreseeable head injuries, including traumatic brain injuries, were not used by SHIELD.

54. The Subject Vehicle's driver-side seatbelt restraint system was in a defective condition unreasonably dangerous to users as it failed to include adequate or appropriate warnings to users, such as Plaintiff, of the dangers associated with the use of the Subject Vehicle's driver-side seatbelt restraint system due to the defective design and manufacture of the driver-side seatbelt restraint system, and SHIELD failed to give adequate or appropriate warnings to users, including the Plaintiff, of the defective condition of the driver-side seatbelt restraint system of the Subject Vehicle at the time the Subject Vehicle was initially put into the stream of commerce in the Commonwealth of Kentucky, and continuously thereafter failed to give an appropriate or adequate warning, despite the fact that SHIELD knew or should have known of the defective and unreasonably dangerous condition of the driver-side seatbelt restraint system to other users and consumers, including the risk of traumatic brain injuries.

55. The defective and unreasonably dangerous condition of the Subject Vehicle's, driver-side seatbelt restraint system, including, but not limited to, its design and manufacture, was a substantial factor in causing Plaintiff Rieser Wells to suffer severe injuries, including, but not limited to, a severe traumatic brain injury, which he would not have suffered but for the defective and unreasonably dangerous condition of the Subject Vehicle's driver-side seatbelt restraint system.

56. The failure to provide adequate or appropriate warnings of the risk of seatbelt failure, including the risk of traumatic brain injuries, in foreseeable accidents was a substantial factor in causing the Plaintiff to suffer severe injuries, including, but not limited to, a severe traumatic brain injury.

57. The Subject Vehicle's driver-side seatbelt restraint system was expected to be and was in fact without substantial change and condition at the time of the subject accident on July 30, 2022.

58. As a direct and proximate result of the defective and unreasonably dangerous condition of the Subject Vehicle's driver-side seatbelt restraint system, Plaintiff Rieser Wells has incurred and will continue to incur medical, hospital, and other care-related expenses, has lost wages, both past and future, and/or has suffered a permanent impairment and/or destruction of his power to labor and earn money in the future, and has suffered, and will continue to suffer, severe physical and mental pain and suffering and loss of enjoyment of life, all to his damage in excess of any jurisdictional limitations upon this Court.

**COUNT V: NEGLIGENCE CLAIMS AGAINST SHIELD**

59. Plaintiff repeats, re-alleges, and incorporates all paragraphs of this Complaint as if expressly set forth fully herein.

60. SHIELD had a duty to exercise ordinary care in designing, manufacturing, testing, marketing, advertising, distributing, promoting, and/or selling the Subject Vehicle's driver-side seatbelt restraint system.

61. SHIELD breached its duty of ordinary care by designing, manufacturing, testing, marketing, advertising, distributing, promoting, and selling the Subject Vehicle's driver-side seatbelt restraint system when it knew or should have known that such driver-side seatbelt restraint system was in a defective condition and unreasonably safe for users in foreseeable accidents.

62. SHIELD knew or should have known in the exercise of ordinary care that the Subject Vehicle's driver-side seatbelt restraint system was defective and unreasonably dangerous

as it was uncrashworthy because it failed to reasonably protect occupants, including the Plaintiff, from reasonably foreseeable accidents because the driver-side seatbelt restraint system was not designed or manufactured to prevent failure to avoid foreseeable head injuries, including traumatic brain injuries, and because safer, feasible alternative designs, which would have prevented a seatbelt failure from causing foreseeable head injuries, including traumatic brain injuries, were not used by SHIELD.

63. The failure to exercise ordinary care in designing, manufacturing, testing, marketing, advertising, promoting, and selling the Subject Vehicle's driver-side seatbelt restraint system was a substantial factor in causing Plaintiff Rieser Wells to suffer severe injuries, including, but not limited to, a severe traumatic brain injury, which he would not have suffered but for the defective and unreasonably dangerous condition of the Subject Vehicle's driver-side seatbelt restraint system.

64. SHIELD had a duty to exercise ordinary care to provide adequate and appropriate warnings about the danger from foreseeable accidents due to the defective and unreasonably dangerous condition of the Subject Vehicle's driver-side seatbelt restraint system, including, but not limited to, the risk of seatbelt failure causing severe injuries, including, but not limited to, traumatic brain injuries.

65. SHIELD breached its duty to give an adequate and appropriate warning to users and consumers of the Subject Vehicle's driver-side seatbelt restraint system, including the Plaintiff, when it knew or should have known that users, including Plaintiff, were unaware of the defective and unreasonably dangerous condition of the Subject Vehicle's driver-side seatbelt restraint system, and such breach was a substantial factor in causing Plaintiff Rieser Wells to suffer severe injuries, including, but not limited to, a severe traumatic brain injury, which he would not

have suffered, but for the defective and unreasonably dangerous condition of the Subject Vehicle's driver-side seatbelt restraint system .

66. SHIELD had a continuing, post-sale duty to use ordinary care to provide adequate and appropriate warnings about the dangers from foreseeable accidents due to the defective and unreasonably dangerous condition of the Subject Vehicle's driver-side seatbelt restraint system, including, but not limited to, the risk of seatbelt failure causing severe injuries, including, but not limited to, traumatic brain injury.

67. SHIELD breached its continuing, post-sale duty to give an adequate and appropriate warning to users and consumers of the Subject Vehicle's driver-side seatbelt restraint system, including Plaintiff, when it new or should have known that users, including Plaintiff, were unaware of the defective and unreasonably dangerous condition of the Subject Vehicle's driver-side seatbelt restraint system, and such breach was a substantial factor in causing the Plaintiff Rieser Wells to suffer severe injuries, including, but not limited to, a severe traumatic brain injury, which he would not have suffered but for the defective and unreasonably dangerous condition of the Subject Vehicle's driver-side seatbelt restraint system.

68. As a direct and proximate result of the negligence of SHIELD, Plaintiff Rieser Wells has incurred and will continue to incur medical, hospital, and other care-related expenses, has lost wages, both past and future, and/or has suffered a permanent impairment and/or destruction of his power to labor and earn money in the future, and has suffered, and will continue to suffer, severe, physical and mental pain and suffering and loss of enjoyment of life all to his damage in excess of any jurisdictional limitations upon this Court.

## COUNT VI: PUNITIVE DAMAGES CLAIM FOR GROSS NEGLIGENCE AND/OR WANTON AND INDIFFERENT CONDUCT AGAISNT ALL DEFENDANTS

69. Plaintiff repeats, re-alleges, and incorporates all paragraphs of this Complaint as if expressly set forth fully herein.

70. At all times pertinent hereto, the Defendants' conduct, acts, and/or omissions were wanton and/or in reckless and disregard and heedless indifference to the lives, safety, and property of others, including Plaintiff, thereby justifying an award of punitive damages against them.

71. At all times pertinent hereto, the Defendants authorized, ratified, and/or should have anticipated the conduct, acts, and/or omissions of their employees in the design, manufacture, testing, marketing, advertising, distribution, promotion and/or sale of the Subject Vehicle and its driver-side seatbelt restraint system and/or its ROPS in a defective and unreasonably dangerous condition.

72. At all times pertinent hereto, the Defendants knew there was a high likelihood that serious harm would result from their misconduct, profited from their misconduct, concealed their misconduct from the public, and failed to take action to remedy their misconduct related to the design, manufacture, testing, marketing, advertising, distribution, promotion, and/or sale of the Subject Vehicle and its driver-side seatbelt restraint system and/or its ROPS in a defective and unreasonably dangerous condition.

## DEMAND FOR RELIEF

WHEREFORE, the Plaintiff respectfully demands the following relief:

1. Judgment against the Defendants, jointly and/or severally, to fully compensate the Plaintiff, Rieser Wells, for the injuries and damages he sustained as a direct and proximate result of their tortious conduct;

2. Judgment against the Defendants, jointly and/or severally, for punitive damages;

3. For his costs herein expended;

4. Trial by jury; and

5. Any and all other relief to which he may appear to be entitled.

Respectfully submitted,

*/s/ Paul A. Casi, III*

Paul A. Casi, II (#85389)
Paul A. Casi, III (#96668)
PAUL A. CASI, II, P.S.C.
801 East Main Street
Louisville, Kentucky 40206
(502) 584-0404
PAC@casi-law.com
PAC3@casi-law.com
*Counsel for Plaintiff*

**NOTICE PURSUANT TO KRS 411.188**

Comes the Plaintiff, by counsel, and pursuant to KRS 411.188, certifies that notice has been given of the filing of this Complaint by sending a copy via certified mail, return receipt requested to:

Anthem
c/o Shannon Bauske, Subrogation Analyst
P.O. Box 659940
San Antonio, TX 78265-9939

Notice is hereby given that failure to assert subrogation rights, if any, by intervention under CR 24 may result in the loss of such rights to any final award received by the Plaintiff in this action.

*/s/ Paul A. Casi, III*

Paul A. Casi, II (#85389)
Paul A. Casi, III (#96668)