UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| RIESER WELLS, ) | |
| ) | |
| Plaintiff, ) | No. 6:23-CV-165-REW-HAI |
| ) | |
| v. ) | |
| ) | RECOMMENDED DISPOSITION[1] |
| BOMBARDIER RECREATIONAL ) | |
| PRODUCTS, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This case was removed to federal court on the basis of diversity jurisdiction with an allegation that a non-diverse defendant had been fraudulently joined. The undersigned herein recommends that Plaintiff Rieser Wells's motion to remand (D.E. 25) be granted and the case be remanded to Laurel Circuit Court. Under Kentucky law and pleading standards, the non-diverse party may conceivably be liable for negligence under Kentucky's middleman statute.

**I. Background**

The gist of this case is that Plaintiff bought an ATV (a Can-Am Maverick X3) from Defendant Adrenaline Cycles in London, Kentucky. Plaintiff alleges he had an accident in the ATV in July 2022 and suffered traumatic brain injury due to a failure of "the driver-side seatbelt restraint system and/or the roll-over-protection system." D.E. 1-2 (Complaint). Count One alleges strict liability against the manufacturers ("Bombardier Defendants"). Count Two alleges

---

[1] The merits-based evaluation conducted herein requires a recommendation under 28 U.S.C. § 636(b)(1)(B). Remand motions "are dispositive" and can only be granted by a District Judge. *Vogel v. U.S. Office Prod. Co.*, 258 F.3d 509, 517 (6th Cir. 2001). Motions for remand "fall into the category of motions for which a Magistrate Judge must issue a report and recommendation." *Miller v. Hurst*, No. 3:17-CV-791, 2018 WL 950088, at \*2 n.3 (M.D. Tenn. Feb. 16, 2018), *report and recommendation adopted*, 2018 WL 1256652 (M.D. Tenn. Mar. 12, 2018)).

negligence against the Bombardier Defendants. Count Three alleges negligence against Adrenaline Cycles. Counts Four and Five are claims against Defendant Shield. And Count Six alleges gross negligence and wanton and indifferent conduct against all Defendants. *Id*.

On August 30, 2023, Defendant BRP US Inc. ("BRP") removed the case to federal court on the basis of diversity jurisdiction. D.E. 1. BRP alleged that Adrenaline Cycles's Kentucky citizenship should be ignored because Adrenaline Cycles was fraudulently joined. *Id*. ¶ 5.

> Plaintiff's claim against Adrenaline constitutes a fraudulent joinder because the liability of Adrenaline—a retailer which allegedly sold the Subject Vehicle to a nonparty individual in March 2020, Compl. ¶ 10—is precluded by Kentucky's Middleman statute, K.R.S. § 411.430. Specifically, Plaintiff's Complaint contains no averments of fact from which a court could infer that Adrenaline knew or should have known of the alleged defects within the Subject Vehicle, aside from conclusory, boilerplate averments insufficient to satisfy pleading requirements.

*Id*. ¶ 6. Noting this allegation, the Court gave Plaintiff leave to move to remand. D.E. 4.

Plaintiff moved to remand on September 29, 2023. D.E. 25. Bombardier Defendants responded. D.E. 29. Plaintiff replied. D.E. 32. On November 6, District Judge Wier referred the remand motion to the undersigned. D.E. 33.

Plaintiff also filed a motion to stay proceedings until the Court rendered a determination of jurisdiction. D.E. 24. Bombardier Defendants (D.E. 26, 27) and Adrenaline Cycles (D.E. 28) responded in opposition. Plaintiff replied. D.E. 31.

## II. Legal Standards: Diversity of Citizenship and Fraudulent Joinder

Citizenship is a necessary element of diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(1). Diversity-based removal requires "plausible allegation[s]" of complete diversity and a sufficient amount in controversy. *Naji v. Lincoln*, 665 F. App'x 397, 400 (6th Cir. 2016). Under the complete diversity rule, the citizenship of each plaintiff must be diverse from the citizenship of each defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). The removing party bears the

burden of demonstrating that removal of this action is proper. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006). Here, there is no dispute that the amount-in-controversy requirement is satisfied.

A corporation is a citizen of the state or states where "it has been incorporated and . . . where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1). There is no dispute Plaintiff and Adrenaline Cycles are citizens of Kentucky and that the other Defendants are not citizens of Kentucky.

"To prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law." *Chambers v. HSBC Bank USA, N.A.*, 796 F.3d 560, 564-65 (6th Cir. 2015) (quoting *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999)). "If there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants, [the district] Court must remand the action to state court." *Taco Bell Corp. v. Dairy Farmers of Am., Inc.*, 727 F. Supp. 2d 604, 607 (W.D. Ky. 2010) (citing *Coyne*, 183 F.3d at 493). In other words, if Plaintiff's claims have even "a 'glimmer of hope,' there is no fraudulent joinder." *Murriel-Don Coal Co. v. Aspen Ins. UK Ltd.*, 790 F. Supp. 2d 590, 597 (E.D. Ky. 2011) (quoting *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 426 (4th Cir. 1999)). This is a "heavy burden," *Mayes v. Rapoport*, 198 F.3d 457, 463 (4th Cir. 1999), as Bombardier Defendants must demonstrate that there is no genuine basis upon which Plaintiff may be able to recover against Adrenaline Cycles, *Coyne*, 183 F.3d at 493.

The standard for a defendant to successfully show fraudulent joinder is even higher than the standard to succeed on a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Anderson v. Merck & Co. Inc.*, 417 F. Supp. 2d 842, 845 (E.D. Ky. 2006). "[T]he benefit of the doubt given a plaintiff as part of the fraudulent joinder inquiry should be more

deferential than even that given under Rule 12(b)(6) . . . . [A] decision overruling a motion for remand where the defendant is claiming fraudulent joinder connotes that a plaintiff's claim, as to the non-diverse defendant, has no basis in law or reason." *Little v. Purdue Pharma, L.P.*, 227 F. Supp. 2d 838, 846-47 (S.D. Ohio 2002); *see also Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 433 (6th Cir. 2012).

As is always the case in matters concerning comity and federalism, any ambiguity must be resolved against removal. The statutes conferring removal jurisdiction "are to be construed strictly because removal jurisdiction encroaches on a state court's jurisdiction" and ambiguities regarding the scope of removal "should be resolved in favor of remand to the state courts." *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999). Furthermore, any ambiguities in the relevant state law must be resolved in the light most favorable to the plaintiff. *Walker v. Philip Morris USA, Inc.*, 443 F. App'x 946, 951 (6th Cir. 2011) (citing *Alexander v. Electronic Data Systems Corp.*, 13 F.3d 940, 949 (6th Cir. 1994)). "All doubts as to the propriety of removal are resolved in favor of remand." *Coyne*, 183 F.3d at 493.

Kentucky's pleading standards apply in evaluating whether Plaintiff pleads a colorable claim against Adrenaline Cycles. *Wells v. KONE, Inc.*, No. 5:19-CV-340-JMH, 2019 WL 5865926, at *3 (E.D. Ky. Nov. 8, 2019); *Combs v. ICG Hazard, LLC*, 934 F. Supp. 2d 915, 923 (E.D. Ky. 2013); *In re Darvocet, Darvon & Propoxyphene Prod. Liab. Litig.*, 889 F. Supp. 2d 931, 940 (E.D. Ky. 2012).

> Kentucky is a notice pleading jurisdiction, where the central purpose of pleadings remains notice of claims and defenses. In accordance with Kentucky Civil Rule 8.01(1), a pleading which sets forth a claim for relief . . . shall contain (a) a short and plain statement of the claim showing that the pleader is entitled to relief and (b) a demand for judgment for the relief to which he deems himself entitled. . . . It is not necessary to state a claim with technical precision under this rule, as long as a complaint gives a defendant fair notice and identifies the claim.

4

> [Kentucky courts do not] approach pleadings searching for a flaw, a technicality upon which to strike down a claim or defense, as was formerly the case at common law. When reviewing a complaint to determine whether it states a cause of action, it should be liberally construed. Our liberal pleading standard was recently demonstrated when we held that a complaint couched in general and conclusory terms, complied with CR 8.01(1).

*Russell v. Johnson & Johnson, Inc.*, 610 S.W.3d 233, 240-41 (Ky. 2020) (citations and quotation marks omitted). In Kentucky, "much leniency should be shown" in construing whether a complaint states a cause of action." *Smith v. Isaacs*, 777 S.W.2d 912, 915 (Ky. 1989).

In the fraudulent joinder context, the Court may pierce the pleadings and consider summary judgment evidence, such as affidavit content, but only for the limited purpose of identifying "undisputed facts that negate the claim." *Casias*, 695 F.3d at 433. Thus, "[a] solitary self-serving affidavit cannot eliminate the prospect of any dispute, particularly where the complaint is in direct disagreement." *Smith v. Smithkline Beecham Corp.*, No. 10-CV-73-ART, 2010 WL 3432594 at *4 (E.D. Ky. Aug. 30, 2010). Here, the Court renders its decision on the Complaint itself and the legal argument of the parties. Though some evidentiary documents have been filed on this matter, no summary-judgment-type evidence is necessary to the Court's decision.

### III. Analysis Under the Middleman Statute

As the briefing makes clear, the pivotal issue is whether Plaintiff's negligence claim against the dealer, Adrenaline Cycles, is colorable in light of Kentucky's middleman statute. Under that provision:

> In any product liability action, if the manufacturer is identified and subject to the jurisdiction of the court, a wholesaler, distributor, or retailer who distributes or sells a product, upon his showing by a preponderance of the evidence that said product was sold by him in its original manufactured condition or package, or in the same condition such product was in when received by said wholesaler, distributor or retailer, shall not be liable to the plaintiff for damages arising solely from the distribution or sale of such product, **unless such wholesaler, distributor or retailer**, breached an express warranty or **knew or should have known at the time**

5

**of distribution or sale of such product that the product was in a defective condition, unreasonably dangerous to the user or consumer.**

Ky. Rev. Stat. Ann. § 411.340 (emphasis added). "The purpose of the Kentucky Middleman Statute is to protect middlemen who 'merely sell' another manufacturer's products." *Taylor v. Southwire Tools & Equip.*, 130 F. Supp. 3d 1017, 1020 (E.D. Ky. 2015) (quoting *Parker v. Henry A. Petter Supply Co.*, 165 S.W.3d 474, 477 (Ky. Ct. App. 2005)).

Plaintiff's Complaint addresses these standards in relation to Defendant Adrenaline Cycles. First, the Complaint specifies that Adrenaline Cycles was "a licensed and authorized dealership" for Bombardier Defendants' products, including the ATV in question. D.E. 1-2 ¶ 8. Paragraphs 45 to 48 then state:

> 45. Defendant ADRENALINE CYCLES had a duty to exercise ordinary care in marketing, advertising, distributing, promoting, and selling the Subject Vehicle and its driver-side seatbelt restraint system and its ROPS.
>
> 46. Defendant ADRENALINE CYCLES breached its duty of ordinary care by marketing, advertising, distributing, promoting, and selling the Subject Vehicle and its driver-side seatbelt restraint system and/or its ROPS when **it knew or should have known that the Subject Vehicle and its driver-side seatbelt restraint system and/or its ROPS were in a defective condition unreasonably safe for users in foreseeable accidents at the time of the sale to the initial consumer and/or user and thereafter.**
>
> 47. **Defendant ADRENALINE CYCLES knew or should have known in the exercise of ordinary care that the Subject Vehicle was defective and unreasonably dangerous** as it was uncrashworthy because it failed to reasonably protect occupants, such as the Plaintiff, from reasonably foreseeable accidents because its driver-side seatbelt restraint system and/or its ROPS were not designed or manufactured to prevent failure to avoid foreseeable head injuries, including traumatic brain injuries.
>
> 48. The failure to exercise ordinary care, in advertising, distributing, promoting, and selling the Subject Vehicle and its driver-side seatbelt restraint system and/or its ROPS was a substantial factor in causing Plaintiff Rieser Wells to suffer severe injuries, including, but not limited to, a severe traumatic brain injury, which he would not have suffered but for the defective and unreasonably dangerous condition of the Subject Vehicle and its driver-side seatbelt restraint system and/or its ROPS.

*Id*. at 13 (emphasis added).

These allegations (that Adrenaline Cycles was a licensed and authorized dealership who knew or should have known of the defect), when liberally construed, are sufficient to satisfy Kentucky's notice-pleading standards. The Complaint provides adequate notice of claims and defenses as to Adrenaline Cycles under Kentucky Civil Rule 8.01(1). The claim thus has a glimmer of hope and remand is appropriate.

Both parties discuss Judge Wier's decision earlier this year in *Castle v. 3M Co.*, No. 7:22-CV-14-REW-CJS, 2023 WL 2663242 (E.D. Ky. Mar. 28, 2023); *see also Bowen v. 3M Co.*, No. 7:22-CV-13-REW-CJS, 2023 WL 2663243 (E.D. Ky. Mar. 28, 2023). In that case, the plaintiffs sued both the manufacturers and suppliers of respirator masks used by coal miners. Judge Wier granted remand on the basis that the complaint adequately pleaded the "knew or should have known" exception in Kentucky's middleman statute. *Id*.

This is a closer case than *Castle*. In *Castle*, the complaint alleged not only that the distributors "knew or should have known" of the defects. It also stated there existed "scientific, industry, and governmental publications that were available to Supplier Defendants to inform them that at least some of the Respirators would lose effectiveness in certain applications and/or would leak from ill fit." *Id*. at *2. There are no such factual allegations here. The only allegations are that Adrenaline Cycles was a "licensed and authorized dealership" and that Adrenaline "knew or should have known that the Subject Vehicle and its driver-side seatbelt restraint system and/or its ROPS were in a defective condition unreasonably safe for users in foreseeable accidents at the time of the sale to the initial consumer and/or user and thereafter." D.E. 1-2 ¶¶ 8, 46.

The Complaint here is less robust in its factual allegations compared to the *Castle* complaint. Nevertheless, it is ambiguous wither the Complaint adequately defeats middleman

7

immunity under Kentucky's lenient pleading standards. As explained, ambiguities regarding the scope of removal "should be resolved in favor of remand to the state courts." *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999). And any ambiguities in the relevant state law must be resolved in the light most favorable to the plaintiff. *Walker v. Philip Morris USA, Inc.*, 443 F. App'x 946, 951 (6th Cir. 2011) (citing *Alexander v. Electronic Data Systems Corp.*, 13 F.3d 940, 949 (6th Cir. 1994)). "All doubts as to the propriety of removal are resolved in favor of remand." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999).

Bombardier Defendants cite four federal cases in which the "knew or should have known" exception to Kentucky middleman immunity was not adequately pleaded. D.E. 29 at 7. In one, the middleman was a Walmart store that sold a beanbag chair. A motion to amend the complaint was denied on the basis that the proposed amendment did "not include specific additional facts that would allow the Court to infer that Wal–Mart had 'any special knowledge to foresee the ultimate danger any better than the average citizen.'" *Simmerman v. Ace Bayou Corp.*, No. 5:14-CV-382-DCR, 2015 WL 105879, at *2 (E.D. Ky. Jan. 6, 2015). In another case, the non-diverse defendant was the manager of hardware store that sold a can of spray paint. There again, the complaint did not "allege any additional facts that would allow the court to infer [the store manager] had 'any special knowledge to foresee the ultimate danger any better than the average citizen.'" *Conrad v. Sherwin Williams Co.*, No. 5:12-CV-237-JBC, 2012 WL 5332494, at *2 (E.D. Ky. Oct. 29, 2012). Both of these cases rely on *Steele*, where a Ford Dealership, Collins Ford, was found immune under the middleman statute. *Steele v. Ford Motor Co.*, No. 5:05-CV-409-KSF, 2007 WL 608367, at *2 (E.D. Ky. Feb. 22, 2007). Bombardier Defendants finally rely on *Weixler*. Judge Heyburn explained in that case: "The rational[e] underlying [middleman immunity] is clear: retailers are unaware of design and manufacturing considerations and it is therefore unfair to hold

8

them responsible for the mere sale of a defective product where the manufacturer is also before the Court." *Weixler v. Paris Co.*, No. 3:02-CV-390-JGH, 2003 WL 105503, at *1 (W.D. Ky. Jan. 2, 2003). That case concerned a sled sold at a hardware store.

What is different here from these four cases is the allegation that Adrenaline Cycles is a "licensed and authorized dealership." The opinions cited in the previous paragraph contain no clear statement that such a relationship existed in those cases. The Court has also reviewed the complaint in the *Steele* case involving the Ford dealership. That complaint alleged that Collins "marketed and sold" the Ford F-250 diesel pickup truck at issue. *Steele*, No. 5:05-CV-409-KSF, D.E. 1-2 at 2. But no further relationship with the manufacturer was suggested in the complaint. The Court thus finds a legal ambiguity as to whether a Kentucky court would find the "licensed and authorized dealership" descriptor adequate to clear the notice-pleading hump.

Plaintiff's Complaint here clearly invokes the "knew or should have known" exception in the middleman statute. The Complaint also alleges Adrenaline Cycles was a "licensed and authorized dealership." This additional allegation places some flesh on the bones of the claim that Adrenaline Cycles knew or should have known of any product defects. Additional facts could reveal that licensed dealerships are involved in assembling or altering the ATVs prior to sale. *See Guilkey v. Com. Truck & Van Equip., Inc.*, No. 2:18-CV-50-DLB-CJS, 2021 WL 1093623, at *4 (E.D. Ky. Mar. 22, 2021) (finding no middleman immunity when the dealership defendant painted and installed the allegedly defective part—beyond merely selling it). It could be that being a dealership means being alerted to known or suspected defects. *See Ousley v. Ford Motor Co.*, No. 05-CV-407-GFVT, 2006 WL 8445340, at *3 (E.D. Ky. Sept. 28, 2006) (finding no middleman immunity when remand-related discovery revealed "facts that Ford, in the standard course of business, would notify dealers of vehicle defects"); *see also Spencer v. Wright Med. Tech., Inc.*,

9

No. 3:11-CV-632-H, 2012 WL 529825, at *3 (W.D. Ky. Feb. 17, 2012) (finding no middleman immunity when "the nondiverse defendant distributors [were alleged in the complaint] to have known that the product was unreasonably dangerous to the consumer").

In fact, the Court is aware of one Kentucky case in which a "licensed dealer of Bombardier recreational products" was *not* granted immunity under the middleman statute and went to trial on the products-liability case of a Bombardier ATV. D.E. 32-1 at 2. The plaintiff in *Shea*, as here, sued Bombardier, BRP US, and the dealer who sold her the Bombardier ATV. *Shea v. Bombardier Recreational Prod., Inc.*, No. 2011-CA-000999-MR, 2012 WL 4839527 (Ky. Ct. App. Oct. 12, 2012). The Court of Appeals noted in its opinion that, during trial, Shea settled her claim against the dealer, Pleasant Valley Outdoor Power LLC. *Id.* at *1. *Shea* thus appears to be a case where a Bombardier-dealer Defendant was held to proceed to trial despite an attempt to invoke immunity under Kentucky's middleman statute. In fact, Plaintiff attaches an order from the trial court in *Shea* that "overruled" the dealer's pretrial motion for summary judgment based on immunity under the middleman statute. D.E. 32-1 at 1.

In a federal case out of Georgia, it was noted that in 1998 "Bombardier had issued a Safety Recall Notice . . . to Bombardier's authorized dealers regarding a defect." *Bishop v. Bombardier, Inc.*, 399 F. Supp. 2d 1372, 1375 (M.D. Ga. 2005). A second such "Recall Notice" was issued to authorized dealers in 2003. *Id.* at 1376. This case indicates that the "authorized dealer" relationship with Bombardier includes notices of potential defects.

In a federal case out of California, an "authorized and certified" dealer of Bombardier ATVs employed a technician who was aware of a "plain . . . manufacturing defect" because the technician had seen "eight other instances" of an ATV's "trailing arm" becoming bent. *Shaw v. BRP US, Inc.*, No. EDCV191830PAKKX, 2020 WL 2141817, at *1 (C.D. Cal. Mar. 31, 2020).

10

Though not a terribly weighty case, the facts in *Shaw* raise the possibility that an authorized dealer in Kentucky might also employ technicians who keep track of existing potential defects.

Plaintiff has also submitted materials (websites) intended to illustrate the extent of the "licensed and authorized dealership arrangement" between Adrenaline Cycles and the manufacturers. D.E. 25. The submissions indicate Bombardier dealerships have access to web-based and in-person training. D.E. 25-4. The Court has not relied on any of these materials in its decision.

In sum, there is ambiguity as to whether Plaintiff's invocation of Adrenaline's "licensed and authorized dealership" status is adequate to avoid middleman immunity at the pleadings stage. All ambiguities must be resolved in favor of remand, and the Complaint must be liberally construed for notice-pleading purposes. Accordingly, the negligence claim against Adrenaline Cycles has a glimmer of hope, and remand is appropriate.

## IV. Conclusion

For the above reasons, the Court **RECOMMENDS** that Plaintiff's' Motion to Remand (D.E. 25) be **GRANTED** and that this matter be remanded to Laurel Circuit Court. If the District Judge adopts this recommendation, then it is further recommended that Plaintiff's motion to stay (D.E. 24) be DENIED as moot. The motion requests to stay all further proceedings until the Court resolves jurisdiction. D.E. 24 at 1. No scheduling order and no order for meeting has been entered in this case. Two defensive motions are pending. D.E. 10, 13. If this recommendation is adopted, then jurisdiction will have been resolved without a need for a stay.

Any objection to this recommendation must be asserted in response to this Recommended Disposition. The Court directs the parties to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b) for appeal rights and mechanics concerning this Recommended Disposition,

`<!-- -->`

issued under subsection (B) of the statute. Within **fourteen days** after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Judge. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019).

This the 13th day of November, 2023.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge