UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| RIESER WELLS, ) | |
| ) | |
|     Plaintiff, ) | No. 6:23-CV-165-REW-HAI |
| ) | |
| v. ) | |
| ) | OPINION & ORDER |
| BOMBARDIER RECREATIONAL ) | |
| PRODUCTS, INC., *et al.*, ) | |
| ) | |
|     Defendants. | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This is a product liability case. Plaintiff claims injuries from a product made by the BRP and Shield Defendants and marketed/sold by Adrenaline. After Defendant BRP US Inc. ("BRP US") removed this case from Laurel Circuit Court, *see* DE 1 (Notice of Removal), Plaintiff Rieser Wells moved to stay the case and to remand. *See* DE 24 (Motion to Stay); DE 25 (Remand Motion). Defendants Bombardier Recreational Products, Inc., BRP Mexico S.A. DE C.V., and BRP US ("BRP Defendants") filed a response in opposition to both motions. *See* DE 28; DE 29. Wells replied. *See* DE 31; DE 32. Defendants Shield Restraint Systems, Inc. and Adrenaline Cycles Company, LLC never responded to either motion. Each, though, has sought to dismiss, DE 10 (Adrenaline Motion) and DE 13 (Shield Restraint Motion), with Shield alleging lack of personal jurisdiction.

The Court referred Wells's remand motion to United States Magistrate Judge Hanly A. Ingram. *See* DE 33 (Order). Judge Ingram, reviewing subject matter jurisdiction, recommended remand. *See* DE 34 (Recommended Disposition). The BRP Defendants filed an objection to Judge Ingram's Recommended Disposition. *See* DE 35. The Court gave Wells the opportunity to respond, *see* DE 36, and he did, *see* DE 37.

1

The Court—treating the remand recommendation as dispositive—now reviews the objected-to matters de novo. *See Vogel v. U.S. Off. Prods. Co.*, 258 F.3d 509, 517 (6th Cir. 2001) (holding that "remand motions are dispositive and, as such, can only be entered by district courts"). Thus, as to matters subject to specific and proper objection, the Court extends de novo review, per Rule 72(b). In so reviewing, the Court finds that the BRP Defendants have not met their burden of showing fraudulent joinder. Accordingly, the Court **ADOPTS** DE 34 and **GRANTS** Wells's motion to remand, DE 25.

### I.     Legal Standards

BRP US, the removing Defendant, bears the burden of establishing federal jurisdiction. *See Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 948–49 (6th Cir. 1994). The Court construes the removal statute strictly and resolves doubtful facts and any ambiguities against the exercise of jurisdiction. *See Huff v. AGCO Corp.*, 5:18-cv-00469-GFVT, 2019 WL 1177970, at *2 (E.D. Ky. 2019) (citing *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006), and *Cole v. Great Atl. & Pac. Tea Co.*, 728 F. Supp. 1305, 1307 (E.D. Ky. 1990)).

BRP US removed claiming diversity jurisdiction. *See* DE 1. Such jurisdiction requires complete diversity between the parties; no defendant may share citizenship with any plaintiff. *See* 28 U.S.C. § 1332(a)(1); *Jerome-Duncan, Inc. v. Auto-By-Tel, LLC*, 176 F.3d 904, 907 (6th Cir. 1999) ("Diversity of citizenship, the basis for jurisdiction in the present case, exists only when no plaintiff and no defendant are citizens of the same state."). BRP US contends (or concedes) that Wells and Adrenaline Cycles Company, LLC share citizenship in Kentucky. *See* DE 1 at 2-3.[1]

---

[1] This is one of several procedural problems. The Complaint merely alleges Wells's residence. DE 1-2 ¶ 8. Further, that pleading describes Adrenaline as a Kentucky LLC. *See id.* ¶ 6. The notice of removal stakes its theories on these descriptions. *See* DE 1 ¶¶ 8, 14. Of course, residence is not citizenship. *See Robertson v. Cease*, 97, U.S. 646, 648 (1878) ("Citizenship and residence, as often declared by this court, are not synonymous terms."). And, an LLC has the citizenship of its members and sub-members. *See Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) (holding LLCs "have the citizenship of each partner or member."). Thus, if Wells is a Kentucky

2

However, BRP US (and now all of the BRP Defendants in their responses) urge the Court to disregard Adrenaline's citizenship, arguing that Wells fraudulently joined Adrenaline. *See id*. at 3; *see generally* DE 29;  DE 35.

In relying on fraudulent joinder, the BRP Defendants face a heavy burden. *See Walker v. Philip Morris USA, Inc.*, 443 F. App'x 946, 954 (6th Cir. 2011). Fraudulent joinder hinges upon whether the plaintiff pleaded a "colorable cause of action" against the non-diverse defendant. *Jerome-Duncan, Inc.*, 176 F.3d at 907. "Asked another way, the question is 'whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved.'" *Alexander*, 13 F.3d at 949 (quoting *Bobby Jones Garden Apartments, Inc. v. Suleski*, 391 F.2d 172, 176 (5th Cir. 1968)). If the claims "ha[ve] even a 'glimmer of hope,' there is no fraudulent joinder." *Murriel-Don Coal Co., Inc. v. Aspen Ins. UK Ltd.*, 790 F. Supp. 2d 590, 597 (E.D. Ky. 2011) (quoting *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 426 (4th Cir. 1999)).

The Court may "pierce the pleadings" and "consider summary-judgment-type evidence (such as depositions, affidavits, etc.)[.]" *Walker*, 443 F. App'x at 954. However, when considering such evidence, the standard of review remains fixed; "akin to that of a Rule 12(b)(6) motion to dismiss," *id.*, and the Court must construe any contested issues of fact and ambiguities in the controlling state law in the plaintiff's favor, *see Coyne ex rel. Ohio v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). The Court does not weigh the merits and apply a summary judgment rubric. *Walker*, 443 F. App'x at 954. Rather, piercing the pleadings only allows scrutiny for "the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id.* at 953. Again, *state law* provides the pleading and substantive reference point

---

domiciliary and all Adrenaline members are Kentucky citizens, the analysis presented in the motion matters.  The problem is that the record does not establish any of these things, which raises questions about the true posture and potential diversity faults as to other Defendants.  The Court does the analysis it can, though incompletely, and ultimately finds jurisdiction unproven by the remover.

3

as the Court queries for a glimmer of hope on the matters as pleaded. *Snell v. State Auto Prop. & Cas. Ins. Co.*, No. 6:21-CV-22-REW, 2021 WL 1292509, at *2 (E.D. Ky. Apr. 7, 2021).

## II. Analysis

The BRP Defendants lodge two objections. *See* DE 35 at 2. First, the BRP Defendants argue Judge Ingram erred in finding an exception for "licensed and authorized" dealers in Kentucky's middleman statute (§ 411.340). Second, the BRP Defendants argue the Complaint's "allegations lack the requisite specificity to evoke that [knowledge] exception." *Id*. The Court will address both objections separately—applying *de novo* review and reserving the power to accept, reject, or modify the DE 34 Recommended Disposition accordingly. *See* Fed. R. Civ. P. 72(b)(3). However, the many important structural aspects of Judge Ingram's product that drew no objection (applying state pleading rules, declining to consider materials outside the pleadings, the requirement to draw ambiguities against removal) remain operative.

### a. Kentucky Middleman Statute

The Kentucky middleman statute states:

> In any product liability action, if the manufacturer is identified and subject to the jurisdiction of the court, a wholesaler, distributor, or retailer who distributes or sells a product, upon his showing by a preponderance of the evidence that said product was sold by him in its original manufactured condition or package, or in the same condition such product was in when received by said wholesaler, distributor or retailer, shall not be liable to the plaintiff for damages arising solely from the distribution or sale of such product, **unless such wholesaler, distributor or retailer, breached an express warranty or knew or should have known at the time of distribution or sale of such product that the product was in a defective condition, unreasonably dangerous to the user or consumer.**

Ky. Rev. Stat. § 411.340 (emphasis added). "The purpose of the Kentucky Middleman Statute is to protect middlemen who 'merely sell' another manufacturer's products." *Taylor v. Southwire Tools & Equipment*, 130 F.Supp.3d 1017, 1020 (E.D. Ky. 2015) (quoting *Parker v. Henry A. Petter Supply Co.*, 165 S.W.3d 474, 477 (Ky. Ct. App. 2005)).

4

The BRP Defendants argue that Judge Ingram incorrectly created an exception—the "licensed and authorized dealership" exception—that has no basis in the middleman statute. Frankly, this is a mischaracterization of Judge Ingram's recommendation. He never concluded that there *is* an exception for licensed and authorized dealers in the middleman statute. Rather, Judge Ingram examined whether Adrenaline's factual status as a "licensed and authorized dealership" was enough, in conjunction with the Complaint's clear invocation of the "knew or should have known" exception, to skirt middleman immunity. Judge Ingram found that the Complaint "clearly invokes the 'knew or should have known' exception in the middleman statute." *See* DE 34 at 9. He further stated that the Complaint's allegation that Adrenaline was a "'licensed and authorized dealership' … places some flesh on the bones of the claim that Adrenaline Cycles knew or should have known of any product defects." *Id*. Judge Ingram determined that the Complaint's allegation that Adrenaline "knew or should have known" of the defect, and Adrenaline's status as a licensed and authorized dealership for BRP, gave Wells's claim against Adrenaline a glimmer of hope under Kentucky law. *See id*. at 7.

In essence, the core of Judge Ingram's recommendation reflected the law on how to resolve ambiguities in both the Complaint and state law.

> To prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law. *See Alexander,* 13 F.3d at 949. However, if there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants, this Court must remand the action to state court. The district court must resolve "all disputed questions of fact and ambiguities in the controlling ... state law in favor of the non removing party." *Id.* All doubts as to the propriety of removal are resolved in favor of remand. *See id.*

*Coyne*, 183 F.3d at 493. Judge Ingram noted that there is "a legal ambiguity as to whether a Kentucky court would find the 'licensed and authorized dealership' descriptor adequate to clear the notice-pleading hump." *See* DE 34 at 9. Unlike the BRP Defendant's characterization, Judge

Ingram never suggested that a "licensed and authorized dealer" *always* has knowledge—rather that Adrenaline's status as a "licensed and authorized dealership" for BRP products may involve additional duties or particulars that impute or convey the required knowledge. The BRP Defendants say that this conclusion "ignores Kentucky law" but notably never cite any Kentucky case that would foreclose such a conclusion.[2]

### b. Plaintiff's Complaint

Next, the BRP Defendants object to Judge Ingram's handling of the Complaint, arguing that Wells failed to plead sufficient allegations to overcome Adrenaline's middleman protection. *See* DE 35 at 5. Kentucky's pleading rules apply. *See Combs v. ICG Hazard, LLC*, 934 F.Supp.2d 915, 923 (E.D. Ky. 2013); *In re Darvocet, Darvon and Propoxyphene Products Liability Litigation*, 889 F.Supp.2d 931, 940 (E.D. Ky. 2012) (citation omitted) (emphasis in original) ("The test for fraudulent joinder is whether a reasonable basis exists for predicting that the plaintiff's claims against the non-diverse defendant could succeed *under state law*. It makes little sense to measure the state-law viability of such claims, which were originally filed in state court, by federal pleading standards."). Judge Ingram screened against the most recent proclamation from Kentucky's high court:

> "Kentucky is a notice pleading jurisdiction, where the 'central purpose of pleadings remains notice of claims and defenses.'" *Pete v. Anderson*, 413 S.W.3d 291, 301 (Ky. 2013) (citing *Hoke v. Cullinan*, 914 S.W.2d 335, 339 (Ky. 1995)). In accordance with Kentucky Civil Rule 8.01(1), "[a] pleading which sets forth a claim for relief ... shall contain (a) a short and plain statement of the claim showing that the pleader is entitled to relief and (b) a demand for judgment for the relief to which he deems himself entitled." As interpreted by this Court, "[i]t is not necessary to state a claim with technical precision under this rule, as long as a complaint gives a defendant fair notice and identifies the claim." *Grand Aerie Fraternal Order of Eagles v. Carneyhan*, 169 S.W. 3d 840, 844 (Ky.

---

[2] This was just a glancing factual inference that might fairly distinguish a mere seller from a seller with a greater, more intimate, or more developed connection to the manufacturer and product. The Court sees the logic in this, and on de novo review, simply assesses whether the claim set forth in the Complaint is colorable under *any* set of provable facts, which is the Kentucky prism.

> 2005) (citing *Cincinnati, Newport, & Covington Transp. Co. v. Fischer*, 357 S.W.2d 870, 872 (Ky. 1962)).
>
> Importantly, "[w]e no longer approach pleadings searching for a flaw, a technicality upon which to strike down a claim or defense, as was formerly the case at common law." *Smith v. Isaacs*, 777 S.W.2d 912, 915 (Ky. 1989). When reviewing a complaint to determine whether it states a cause of action, it "should be liberally construed." *Morgan v. O'Neil*, 652 S.W.2d 83, 85 (Ky. 1983). Our liberal pleading standard was recently demonstrated when we held that a complaint "couched in general and conclusory terms, complied with CR 8.01(1)." *KentuckyOne Health, Inc. v. Reid*, 522 S.W.3d 193, 197 (Ky. 2017).

*Russell v. Johnson & Johnson, Inc.*, 610 S.W.3d 233, 240-41 (Ky. 2020). In *Russell*, the Supreme Court of Kentucky "refuse[d] to mandate a heightened pleading standard and … reiterate[d] Kentucky's requirement of bare-bones, notice pleading." *Id*. at 241.

Simply put, the BRP Defendants demand more specificity than Kentucky courts require. Notably, all but one of the cases the BRP Defendants cited in support were decided before *Russell*. The dated federal cases that call for greater specificity seem wedded to federal pleading principles. Kentucky has made clear that the federal bar is too high for cases in the Commonwealth, and the Court here must judge the adequacy of a Complaint against the lower, non-technical, bare-bones approach of the controlling jurisdiction. The Complaint clearly and adequately invokes the second exception to the middleman statement. *See* DE 1-2 at 27.

On de novo review, the Court finds remand required. Judge Ingram quite properly vetted the Complaint under Kentucky pleading rules. The Complaint specifically alleges that Adrenaline was a licensed and authorized dealership for Bombardier products and seller/actor by and on behalf of Shield for parts, including the seatbelt restraint system. *See* DE 1-2 ¶¶ 8, 19. Paragraphs 45-49 of the Complaint allege every negligence element, specifically aver Adrenaline's knowledge of the Subject Vehicle's defective and unreasonably dangerous condition, and cite as the defect, absence of protection against foreseeable "head injuries, including traumatic brain injuries." *See*

7

*id.* The Complaint alleges these things with respect to the rollover and seatbelt restraint systems allegedly made by, respectively, the Bombardier Defendants and by Shield. *See id.* ¶¶ 12, 16.

The Complaint meets the notice requirements under the liberal Kentucky approach, a bar well-below the federal mark. Kentucky embraces "bare-bones, notice pleading," endorsing as valid a pleading that, though "couched in general and conclusory terms," provides a defendant "fair notice and identifies the claim." *Russell*, 610 S.W.3d. 240-41 (citations omitted); *Snell*, 2021 WL 1292509, at *2 (holding or quoting, as to the impact of applying Kentucky's pleading view: "'It is immaterial whether the complaint states conclusions or facts as long as fair notice is given.' *Pierson Trapp Co. v. Peak*, 340 S.W.2d 456, 460 (Ky. 1960). '[A Kentucky] court should not grant [a motion to dismiss for failure to state a claim] unless it appears the pleading party would not be entitled to relief under any set of facts which could be proved[.]' *Fox v. Grayson*, 317 S.W.3d 1, 7 (Ky. 2010) (quotations removed). Resolving all doubts in Plaintiffs' favor, under the forgiving Kentucky standard and the 'glimmer of hope' lens, validates joinder here."). The Complaint adequately limns the cause of action, elementally and factually, and specifically notifies Adrenaline of the claim it faces and the specific purported absence of statutory immunity. There is a colorable basis for Wells's claim against Adrenaline.[3]

### III. Conclusion

Accordingly, the Court **ADOPTS** DE 34, **GRANTS** DE 25, and **REMANDS** this matter to Laurel Circuit Court.

---

[3] Alternatively, the Court would remand because Adrenaline completely failed to grapple with the full measure of § 411.340. A gateway predicate is that the manufacturer be "identified and subject to the jurisdiction of the court." Shield, the alleged seatbelt system manufacturer, DE 1-2 ¶ 16, denies personal jurisdiction, creating a pending question on whether the statute even could, by its terms, apply. *See* DE 13. This alternatively erodes the propriety of federal jurisdiction under the fraudulent joinder theory.

The state court may process any remaining motions according to its practices and standards.

This the 13th day of August, 2024.

Signed By:
*Robert E. Wier*  /s/ REW
United States District Judge